**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**BRANDON MULLENS**                                                                                   **PLAINTIFF**

**v.**                                                 **Case No. 4:25-cv-1202 JM**

**DRONEBASE, INC., d/b/a/ Zeitview**                                                     **DEFENDANT**

**ORDER**

In screening the *pro se* complaint, the Court allowed plaintiff Brandon Mullens's claims to be served on the basis of diversity jurisdiction. (Doc. 6). Given the disparity between the original contract ($360) and the requested damages ($150,000), the Court noted that it was exercising good faith regarding the amount in controversy. (*Id.* at 1, n.1). At the Court's direction (Doc. 20), the parties have briefed their positions on whether subject matter jurisdiction exists. (Doc. 21 & 23). For the following reasons, the Court *sua sponte* dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The facts alleged are straightforward. Mullens, an Arkansawyer, sued Defendant, a company incorporated in Delaware with its principal place of business in California, for $150,000 alleging copyright infringement and unjust enrichment. (Doc. 11). Mullens, who is a drone camera operator, sued Defendant after it rejected his video work because the images Mullens provided were unusable due to watermarks. (*Id.*). Mullens explained that he would provide Defendant the images without watermarks on receipt of payment for the work completed. (*Id.*). When payment was not received, Mullens noticed Defendant of his copyright on the images and brought suit for copyright infringement and unjust enrichment.

In both his complaint and amended complaint, Mullens states that his application for copyright of his work is pending. (Doc. 2 at 2; Doc. 11 at 4). A claim of copyright infringement,

however, requires (1) ownership of a copyright and (2) copying of the work. *Feist Publications, Inc. av. Rural Telephones Serv., Inc.*, 499 U.S. 340, 361 (1991). Federal law prevents a copyright owner from suing for infringement <u>until</u> registration has been made, meaning that the application has been granted and a copyright has issued. *See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 309 (2019); 17 U.S.C. § 411. Because Mullens does not yet possess a copyright, he has no standing to bring a copyright infringement claim and, as a result, no federal question exists. *See* 28 U.S.C. 1331.

Absent a copyright infringement claim, Mullens's damages assessment arising from that claim (which chinned the amount-in-controversy bar) cannot be considered in support of diversity jurisdiction. That leaves Mullens's unjust enrichment state law claim to meet the $75,000 amount-in-controversy requirement. Mullens, however, sought "not less than $10,000" for that claim. (Doc. 11 at 5). Given the original contracted rate of $360 and Mullens's estimated damages of $10,000, "it appears to a legal certainty the plaintiff's claim is actually for less than the jurisdictional amount." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). Mullens fails to adequately plead the amount-in-controversy prong to support diversity jurisdiction. As a result, this Court lacks subject matter jurisdiction and dismisses this case.

Even if the Court had jurisdiction, Mullens's copyright infringement claims fail. Again, absent a registration, no copyright infringement claim can be made. But also, Mullens failed to show that Defendant copied the work. *Feist*, 499 U.S. at 361. Access to the work, alone, is insufficient to demonstrate the work has been copied. *Moore v. Columbia Pictures, Industries, Inc.*, 972 F.2d 939, 941–942 (8th Cir. 1992). At best, Mullens pleaded that he provided Defendant with watermarked images, which Defendant plainly rejected as unusable. That Defendant then relisted the job for other drone pilots to bid on the job is of no moment because Mullens provided

no factual support that his images either were used by Defendant (with or without the watermark) or provided by Defendant for use by other pilots or vendors.

This case is dismissed for lack of subject matter jurisdiction. Defendant's motions (Doc. 8, 13, 18) are denied as moot.

IT IS SO ORDERED this 24th day of June, 2026.

_____
UNITED STATES DISTRICT JUDGE